## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ISSUANCE OF ARREST WARRANT

FILED
NOV 18 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

I, Jack H. Faddis Jr., being duly sworn, depose and state as follows:

### EXPERIENCE AND TRAINING

1. I, Jack H. Faddis Jr., (hereinafter "your affiant"), am a Special Agent of the Drug Enforcement Administration (DEA) and have been assigned to the DEA Norfolk Resident Office (NRO) in Norfolk Virginia, since September 21, 2002. Since that time, your affiant has participated in numerous narcotics investigations involving the illegal manufacture, possession, sale, distribution and importation of many different types of controlled substances, as well as the commission of illegal financial transactions designed to conceal drug trafficking proceeds and promote drug trafficking activity.

2. Prior to joining DEA, your affiant was employed with the Chesapeake, Virginia, Police Department from November 1993 until September 2002. Prior to that, your affiant was employed with the Norfolk, Virginia International Airport Police Department from February 1991 until November 1993. During his employment with the Chesapeake Police Department from February 1999 until September 2002, your affiant was assigned as a sworn Task Force Officer with the DEA in the Norfolk Resident Office. During this time, your affiant participated in numerous narcotics investigations involving the illegal manufacture, possession, sale, and distribution of illegal controlled substances. Your affiant has completed extensive training emphasizing narcotic investigations and enforcement, to include training on laundering of drug proceeds.

3. I make this affidavit in support of an application for an arrest warrant for David CHANG for conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

4. The facts and information contained in this affidavit are based on information provided by USPS OIG Special Agent Jessica Farrell, agents from the U.S. Drug Enforcement Agency, my

personal observations, my review of evidence, and my conversations with other law enforcement officers who were involved in this investigation. All observations that were not made personally by me were related to me by the persons who made the observations. This affidavit contains only that information necessary to establish probable cause in support of an arrest warrant for David CHANG, for the crime listed above. This affidavit is not intended to include each, and every fact and matter observed by or made known to the investigative team. All dates and times are approximate.

## FACTS AND CIRCUMSTANCES

5. In an effort to combat the flow of controlled substances through the overnight delivery services, the U.S. Postal Inspection Service ("USPIS") has established interdiction programs in areas throughout the United States. Some of these areas, including Southern California, have been identified as known sources of controlled substances. The USPIS conducted an analysis of parcels mailed which were found to contain controlled substances or proceeds or payments of sales of controlled substance. This analysis has established a series of characteristics which, when found in various combinations, have been indicative of parcels that contain controlled substances or the proceeds or payments of sales of controlled substances. These characteristics include:

   a. the parcel was mailed from or addressed to a controlled substance source city;
   b. the parcel sender name is unknown at the return address or the sender address is incomplete;
   c. the parcel delivery name is unknown at the delivery address or the delivery address is incomplete;
   d. the parcel has handwritten address information;
   e. the parcel is wrapped in brown paper and/or heavily taped; and
   f. the ZIP Code from where the parcel is mailed is different than the ZIP Code used in the return address;
   g. the parcel postage was excessive or deficient; and

h.  the affixed postage was generated prior to USPS acceptance.

6. During the course of her duties and through training and experience, USPS OIG Special Agent Jessica Farrell learned to conduct label analysis on parcels being shipped to or from this district that contain the same characteristics on previous investigated parcels that contained controlled substances and controlled substance proceeds.

7. In March 2021, law enforcement began investigating a large volume of suspicious Priority Mail parcels being mailed from Long Beach, California to the 23320-zip code in Chesapeake, VA. On March 1, 2021, the USPS OIG Research and Insight Solutions Center ("RISC") identified a suspicious pattern of mailing activity. A national review of USPS parcel shipments revealed an abnormally large quantity of Priority Mail parcels in which postage was paid in cash, originated in California, and were addressed to various residences on USPS mail delivery route R083 in Chesapeake, Virginia (the "Virginia addresses"). As California was known as a source state for the shipment of controlled substances in the US mail and as from agency training and experience, the ongoing use of cash to pay for postage was an indicator the mailer may wish to shield their identity, delivery route R083 and the USPS employee assigned this route, were further reviewed.

8. From my knowledge and experience and the knowledge and experience of law enforcement officers who investigate narcotics trafficking, individuals engaged in narcotics trafficking in the US mail often recruit USPS employees to provide route addresses for use in the mailing of controlled substances, and to collect Drug Parcels as they arrive for delivery, and divert these Drug Parcels to the scheme participants, all in an effort to shield those engaged in narcotics trafficking from law enforcement and provide a level of insulation should law enforcement detect the scheme.

9. On March 5 and March 29, 2021, a USPS Employee ("CS") assigned to delivery route R083 was observed stopping in front of the Virginia addresses, scanning a suspicious parcel within his

3

postal vehicle, and continuing on without delivering the suspicious parcel to its intended address. Tracking information revealed the package was scanned delivered.

10. The CS and deliveries on delivery route R083 were subjected to additional scrutiny because: the CS created false electronic delivery records for parcels picked up at the Virginia addresses, in violation of USPS policy; postage for those parcels was paid for in cash; the parcels were sent from California, a known source state of controlled substances; and the parcels were shipped with Priority Mail.

11. On September 21, 2021, a review of Postal Service databases identified a suspected Drug Parcel originating in Long Beach, CA. The parcel was destined for an address on the CS's delivery route and contained the same characteristics of parcels believed to be previously stolen by the CS. A search warrant was executed on the parcel which was found to contain approximately 1733 grams of suspected cocaine. The substance was sent to the DEA Mid-Atlantic Laboratory for analysis. The analysis confirmed the substance to be cocaine.

12. On October 12, 2021, a review of Postal Service databases identified a suspected Drug Parcel. On October 14, 2021, the parcel arrived at the Chesapeake Post Office and was scanned as delivered by the CS. The investigative team initiated physical surveillance of the CS at the post office. The CS was observed returning to the post office in his/her postal vehicle and removing a parcel from the postal vehicle and placing it into his/her personal vehicle. The CS was then observed departing from the post office in his/her personal vehicle, at which time mobile surveillance was initiated.

13. A traffic stop of the CS was conducted and the CS was found to be in possession of a mail parcel containing approximately two kilograms of presumptive positive cocaine. The CS was interviewed and admitted to working for multiple drug trafficking organizations (DTOs) and receiving payment for facilitating and diverting drug parcels to the DTOs. He stated that people send him messages about getting packages and then he provdies addresses. He stated that he receives them from California and Puerto Rico. The CS consented to a search his/her cellular telephone which revealed

4

numerous direct messages (DMs) via WhatsApp Messenger (WhatsApp) related to sending and receiving narcotics parcels from California. WhatsApp Messenger or WhatsApp is an American freeware, cross-platform centralized instant messaging and voice-over-IP service that allows users to send text messages and voice messages, make voice and video calls, and share images, documents, user locations, and other content. The CS also had a photograph of a handwritten note containing the name D.C., and an address in Virginia Beach, VA; and David CHANG, ███████████., Long Beach, CA 90803. The CS advised that he/she was instructed to mail out a parcel containing a large sum of cash utilizing the aforementioned names and addresses. The CS stated he/she mailed cash to California on more than one occasion. The CS has been assessed to be credible and reliable because the investigative team corroborated some of his statements with a review of electronic evidence, and USPS records. Additionally, the CS cooperated in a successful controlled delivery as detailed below.

14. A review of the CS's phone revealed that on October 18, 2021, the CS received notification via WhatsApp from phone number (970) 404-6374 of three parcels being shipped from Long Beach, CA to addresses in Chesapeake, VA previously provided by the CS. On October 20, 2021, the parcels were seized from the mail stream and subsequent search warrants revealed one parcel contained approximately one kilogram of presumptive positive cocaine and the other two parcels contained several pounds of marijuana products. The cocaine field tested positive for cocaine.

15. On October 22, 2021, the CS completed a controlled delivery of the three parcels to an apartment located at ███████████████, Virginia Beach, VA. Law enforcement inquiries identified the occupant of the apartment as H.C. Prior to delivery, the CS contacted the recipient of the parcels via WhatsApp who stated "we here" when the CS indicated he/she was on the way to the apartment with the packages. The CS was granted entry into the apartment and delivered the parcels. Upon departure, electronic sensors notified law enforcement that one or more of the parcels had been opened. H.C. and his girlfriend, K.P., subsequently fled from the apartment. H.C. was apprehended and taken into custody, however, K.P. managed to evade arrest.

16.     A search warrant was executed on H.C.'s apartment which identified nearly two kilograms of cocaine individually wrapped and nearly 900 ecstasy and Adderall pills hidden in various locations throughout the apartment. Additionally, scales, ledgers, USPS mail packaging, and other items indicative of narcotics distribution were located. Personal items belonging to K.P. such as mail, clothing, and cell phones were also identified in the apartment indicating that she resided there with H.C.

17.     H.C. provided consent for a search of his cellular telephones, one of which was cell phone number (970) 404-6374; the same number he used to communicate with the CS related to narcotics parcels. The search revealed toll calls and numerous DMs between H.C. and "Dave Cali" discussing the distribution and sale of controlled substances and proceeds. The phone number for Dave Cali is (714) 306-4971. A search of law enforcement databases revealed the number belongs to David Chang.

18.     On or about September 23, 2021, H.C. sent a DM to "Dave Cali" stating "Call me when u can.. it's about money" and H.C. replied, "Ok I'm bussing this play with my guy will do." Based on my training and experience, the expression "bussing this play" is terminology used in the sale of controlled substances to describe when a buyer and seller of controlled substances are nearly done with negotiations. From my knowledge and experience in this investigation I believe "Dave Cali" is CHANG. Dave Cali then sent an image of a Notice of Seizure of Property, which indicated that on August 4, 2021, the U.S. Postal Inspection Service seized a parcel containing $68,865. A notice was mailed to CHANG's residence which indicated that forfeiture proceedings were initiated, and that CHANG must file a petition for remission or mitigation and was required to show supporting evidence of his interest in the seized property, such as a bill of sale, bank records, title or other paperwork. The notice was mailed to CHANG's known address, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮., Long Beach, CA 90803. The investigative team has conducted surveillance of CHANG at his residence on several occasions and confirmed that he resides there. The DMs revealed that Dave Cali possessed this letter and exchanged

6

DMs with H.C. in reference to not claiming it due to a possible "tip off" in North Carolina. I believe that H.C. and CHANG were the intended recipients of these funds, and photographs of David CHANG were also identified in H.C.'s cell phone. Additionally, a video of both CHANG and H.C. together in the back of a limousine type of vehicle consuming alcohol was also identified in H.C.'s cell phone.

19. A review of Postal Service records revealed between March 31, 2021, and July 21, 2021, twenty-six suspected Money Parcels were delivered to CHANG's home address, ███████ ████, Long Beach, CA 90803, and twelve of those were sent from Virginia.

20. A review of a law enforcement database revealed that CHANG has a 2015 state felony conviction for enterprise corruption and money laundering where the known property is proceeds from the sale of controlled substances in California.

21. A review of Postal Service records revealed between February 2, 2021, and July 31, 2021, sixty-five (65) suspected Drug Parcels with a total combined weight of 213 pounds, believed to be associated to the DTO run by H.C., K.P. and CHANG, were inducted in US Post Offices in Long Beach, CA and sent to addresses in Chesapeake, VA controlled by H.C. and H.C. Some of these parcels were intercepted and found to contain cocaine.

22. On October 6 and 7, 2021, three suspected Drug Parcels were mailed from Long Beach to an address in Chesapeake known to be controlled by H.C. and K.P. Images from the Post Office security camera at the time of the mailing were compared with an image of CHANG from the State of California database and it is believed the individual mailing the packages was CHANG.

23. An inquiry with Homeland Security Investigations (HSI) in reference to passport usage revealed on November 23, 2020, and on March 1, 2021, CHANG, H.C., and K.P. crossed the border into Mexico together in a motor vehicle. I know from my training that Mexico is a source country for illicit drugs, including cocaine.

24. The investigative team obtained a federal search warrant for CHANG's Long Beach residence on November 17, 2021. The next day, on November 18, 2021, a federal search warrant was

executed on CHANG's residence, ███████████████., Long Beach, CA 90803. The search resulted in the recovery of several cellular devices. CHANG provided consent to search his primary cell phone and provided the passcode. It was determined that one of the cell phones was the same device used to communicate with H.C. via WhatsAPP and the phone number matched the number saved as "Dave Cali" in H.C.'s cellular phone.

25. A member of the investigative team advised CHANG of his *Miranda* rights and he agreed to waive them. CHANG was interviewed and admitted to knowing H.C. and K.P., and identified H.C. as a marijuana distributor. CHANG initially denied sending or receiving any mail packages. When presented with additional evidence, CHANG admitted to sending packages to Virginia on H.C.'s behalf but denied knowledge of the contents. CHANG stated the package containing approximately $68,000 that was previously seized was intended for H.C. and that H.C. initially thought CHANG stole his money. CHANG initially denied any knowledge of H.C. distributing cocaine or where H.C. obtains his narcotics.

26. CHANG was presented with direct messages between himself and H.C. and subsequently admitted that he engaged in conversations with H.C. related to buying and selling cocaine. H.C. said that he attempted to refer individuals to H.C. for the purpose of purchasing cocaine. Specifically, one direct message from CHANG said that "Tony's bro wants to get $20-30K worth." H.C. used a snowman emoticon and asked CHANG if Tony wants to spend the money for that. CHANG confirmed that H.C. was referring to "snow" or cocaine.

27. CHANG was presented with photographs of him mailing packages from Long Beach to Chesapeake, Virginia and CHANG admitted that he was the individual in the photographs. Additionally, numerous receipts of packages mailed from Long Beach to Chesapeake, Virginia were recovered in CHANG's residence. A small personal use amount of suspected cocaine and a sum of cash was also recovered. CHANG admitted that he used cocaine the previous night and less than a

gram of cocaine would be found on a table within the residence. CHANG stated the cash in his residence was from gambling proceeds.

28. An individual identified as T.N. was inside CHANGS's residence at the time of search warrant execution. T.N. was interviewed and stated that he has known CHANG for approximately two years and knows that CHANG sells cocaine. He has purchased cocaine from CHANG in the past when he has friends in town and wants to supply them with cocaine for parties.

29. Based on the foregoing, I submit that there is probable cause to believe that David CHANG, committed a violation of conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 846 and 841(b)(1)(C), and ask that an arrest warrant be issued.

Further, your affiant sayeth naught.

                                                Jack H. Faddis Jr., Special Agent
                                                Drug Enforcement Administration (DEA)

Read and Approved:

*/s/ Megan M. Montoya*
Megan M. Montoya
Assistant United States Attorney

Sworn and subscribed to before me on this 18th day of November 2021.

                                                  UNITED STATES MAGISTRATE JUDGE